Mr. Clark. I'm Gerald Matayoshi. I represent the City and County of Honolulu and the Honolulu Police Department. Welcome. We will be splitting our time on the argument with the United States and I will be reserving hopefully one or two minutes at the end for rebuttal. You're going to do the rebuttal? I will do one minute of it and I believe the United States may have their own separate one minute. When you're done, why don't you agree between the two of you who's going to do the rebuttal. We ordinarily only have one lawyer do it. All right. Thank you. Please proceed. Yes, Your Honor. Also, if there are any specific procedural type issues or questions of the court, I'd like to address. I have one that's procedural. Yes. This appeal is from the magistrate's order. Is that correct? That's right. And did all the parties to this appeal consent to the magistrate entering a final judgment? Yes, I believe so. So there's no findings of fact or anything from the district court? No. What had happened below, all the parties had consented to a magistrate trial. Including the advertiser? That's a good question. I don't believe the advertiser was ever asked, nor did they ever. Do we have a jurisdictional problem? I don't believe so. Are they still in the suit? Are they an intervener in the suit? Yes. And was the underlying action was finally settled after some of the judgment? The underlying action was settled back in, say, months before this ruling was made. So the entire underlying action. The parties to this appeal all consented to the magistrate's procedural order? Not as far as I know. Well, ask the advertiser. The advertiser, because I have never seen that. So and also, actually, when you're asking that question, I believe as far as the United States, the United States technically at the time that some of these orders were issued earlier was not it's not a party either. Let me let me take this a step further, which triggered my concern. We have a district court judge, I believe, an article three judge, who initially reviews some of this material and makes a ruling with respect to disclosure. And the parties all who were parties to litigation at that point all agreed upon it. Is that right? Yes. And he made he he did a sufficient review to decide that this stuff was not going to be disclosed under any circumstances. Right. That's right. Except for those limited portions that she cited. I understand that. Now we have a magistrate judge looking at it and essentially reversing an article three. Don't we? Yes. It's a rather unique case. I've seen that before. Did anybody after the magistrate entered these orders, did anybody appeal that to the district judge? No, we did not. Because in the parties, since there's not a there would be no requirement that an intervener consent to a magistrate for discovery proceedings. Is that correct? Is there some is there any rule in Hawaii that requires someone to consent for discovery proceedings? No. As far as looking at the substance of the appeal, it is the city's position, of course, that the lower court was looking at the magistrate judge having made a ruling as a matter of law in ordering disclosure of what traditionally have been protected documents and the specific kinds of documents. And we've gone through it in the brief. But the specific documents that the police is seeking to protect from public disclosure are names of confidential informants, names of private individuals who officers have speculated may be involved with or linked to organized crime and certain confidential personnel information about specific officers and testimony where there are unsubstantiated allegations of wrongdoing. Now, it's the city's belief that the advertiser, based on its earlier filings in this the underlying action and actually in some public statements, is not actually looking to obtain and have released to the public the names of people such as the confidential informants, people who are suspects but not charged. I mean, that's been our understanding throughout. Now, what has happened, though, with the magistrate's last ruling in that convoluted process that you've read about is that with her ruling, if her ruling is upheld and we have that's exactly what's going to happen is there are a number of confidential informants. And I don't think there's been any dispute amongst the parties as to who, as to where those people have been identified. But there will be the release of information that covers those specific sections and concerns that we just raised. Well, it's kind of an odd case because the advertiser in some ways not only represents itself but the public interest. But have there been any discussions with them about having modified the scope of their motions so that these what you consider to be the most sensitive related to criminal investigations would not be part of their motion to unseal? We have had some discussions. There were some even below where there were meetings in camera. But there was no agreement. And there was no agreement. And I think there was no agreement. But there was an attempt. On that point, the magistrate made a finding that at least as to some of these criminal investigations that they had come to light through various public documents and they were in any event stale. It would seem to me that that is more in the nature of a factual finding than a legal finding and one which we wouldn't be able to address absent clear error. Do you agree with that analysis in terms of what that kind of finding is or should we be looking at that under some other rubric? Well, I think in this case we should be looking at it beyond just that as a factual finding. I think based on the record that was below, there was no, there was never any representation, no, as far as I know, nothing in the record to tell this particular magistrate that some of the alleged investigations or the investigations covered were closed. Nor was there any indication that any of the confidential informants, for example, had been sort of outed and known to the public. So where she got that, we don't know. So if your purpose is to divide your time, you're at about halfway. Well, let me divide it. Thank you for your argument. We'll hear from the United States at this time. Good morning. May it please the Court. My name is Steve Frank from the Justice Department on behalf of the United States. What the United States is asking in this case is that this Court do precisely what the Court did in false. No more and no less. In that case, the Court sent the case back and ordered the district court to redact information that had traditionally been kept secret. In that case, it was attorney-client privilege, work product material, and identifying information with regard to non-parties that was found in medical files and personnel files. That's all the government is asking here. We're prepared and we have released a vast majority of the information that we provided. And the only thing that we're asking the Court to do is to redact traditionally kept material, such as law enforcement information and privacy information. You had an agreement for non-disclosure as to the entire release that you made to the parties, right? That's correct, Your Honor. And then you consented to some release after the case was settled? That's correct, Your Honor. So now you have narrowed the field to the bare minimum? Exactly, Your Honor. And if the Court would look at the material that we submitted under seal in the mandamus portions. Is any of the material that you have are still withholding operative in terms of the substantive decision of the case? Did any Court make a finding that's accurate or inaccurate, or is it still just all raw data? Yes, that's correct. It's all just raw data, hearsay, information that the kind of information that this Court held in Hunt would infringe upon privacy interests. What was it used for specifically, the material you want to keep retained secret? In what respect was it used during the course of proceedings, if at all? We were at a party, and perhaps counsel for the city could best answer that question. But we provided voluntarily FBI agents and some material to the parties, and they conducted a wide range of investigation. And some of it dealt with law enforcement investigation. Some of it was just hearsay. Ex-officer is a suspect character. We've seen him with some gangland people. And it came up in the course of a wide-ranging discovery. And then the plaintiff, as the district magistrate judge held, the plaintiff imprudently, as she said, it's in the record excerpt, page 33, imprudently attached all of that material to their summary judgment motion. And very little of it had anything to do with the actual merits of the case. One of the difficulties I've had are the generalities along the lines that you just said. You know, because we could all sit here and agree that we don't want confidential law enforcement information to be revealed as a general proposition. So I kept, with that in mind, I tried to understand your case. And I'm having some trouble, so you need to help me out. Are there about 19 documents that you still maintain contain this kind of information? There are the depositions of, I believe, eight FBI agents. And I believe there were eight or nine documents. But within all of that, what we want redacted is a very small portion. We want identifying information of particular people's names and particular law enforcement investigations, a very small amount. Where in the record would we look to find your precise listing of what you want redacted and where we would find that? Well, two places. First of all, in the magistrate judge's original order of June 9th, 2003, which is in the U.S. Excerpts of Record, page 33 to 45, the magistrate judge specifically found a lot of this material that we're claiming to be protected. This is page? Pages 35 to 45. In particular, page 45. She found a lot of this material to be protected. And then, in addition to that, we then filed a letter on June 24th, 2003, which is in the United States Excerpts of Record at 49 to 56, in which we asked for additional material. So that's what we're asking to be redacted. What she found on the June 9th filing and what we then said in the June 23rd letter. An important thing. Before you finish. Yes, ma'am. So that's the location. And with respect to the specific documents that you wanted redacted or withheld, what backup information did you offer or evidence that this was, in fact, law enforcement sensitive data? Well, that's part of the problem here. We did not submit affidavits, if that's what Your Honor was referring to. That was part of the problem, because all I could see is that there was sort of what you were just saying now, and then there's the documents. Well, that's exactly. Okay. I didn't miss that, right. No, that's exactly right. But the problem was that the advertiser really sanitized the process, because we objected to this and we objected three other times. Then we filed a motion for reconsideration. The advertiser sanitized the process that the district court set up because the advertiser never objected to our redactions. Had they done so, we would have provided the kind of affidavits that you're talking about. But we also don't think that needs to be sent back for those kind of affidavits, because, again, in false, this Court held that material that was traditionally kept secret should be redacted without the requirement of any affidavits. I'm using up the rebuttal time. I guess the critical point here that I want to make is that the other point I want to make is by Franks and Beckham, this case doesn't involve collateral litigants who are seeking the material under similar protective orders. This is going to be made known to the public. And just the last, if I could make a policy point very quickly, this is very important to the government. I advise assistant United States attorneys all the time on providing information in these kind of cases, in subpoena cases. And where there's a protective order, I believe it's in the public interest for the government to provide that kind of information. Ever since this case came down, you can imagine my advice has been a little different. And I don't think that's good for the judicial process. Well, I'm going to ask you a couple more questions, then, because it is an important issue. Because it was a blanket protective order, really, for which no good cause had been made, and the documents are sought not only under Rule 26, good cause discovery, but under the right to know. In your view, doesn't the government have the burden to show the rationale for the disclosure? I mean, don't you have the burden to show the compelling interest? I think we have shown there's two tests under false. One is whether it's traditionally been kept secret. A separate test is the compelling interest. I think we've met both of those tests. Do you think a contract meets the compelling interest? You entered into an agreement with the parties not to disclose. The parties agreed. Therefore, it's enforceable. The fact that it's a contract, not necessarily. I think that might be subject to a traditional balancing test. What I think is important here is if you look at reasonable reliance. Here we relied, first of all, upon a protective order that was entered. You can call it a blanket protective order. I have a little bit of a problem with that. There's only one way to enter a protective order, and that's under Rule 26, and that requires a finding of good cause. But then on top of that, the magistrate judge in the June 9th order found there was good cause. And on top of that, the advertiser never objected. I don't know what my assistant United States attorney, what more he could have done in this case in good faith. Okay. Thank you for your argument. And I hope I didn't use up all the rebuttal time. If Your Honor would give a little out there. A little out there. Thank you. Counsel. All right. May it please the Court. My name is Jeff Portnoy, along with Elijah Yip. We're pleased and privileged to represent the appellees. Judge Gieser, I need to clear up something for you. Could you raise your voice? Oh, I'm sorry. Normally I speak too loud. I apologize. Just face squarely into that mic. The stipulated protective order was entered by the magistrate judge, not by the Article III judge. The Article III judge never entered a protective order, and it's in the record. So it was the magistrate judge who went back and reversed herself upon getting additional information. So we don't have an Article III judge being reversed by a magistrate judge. And I have it in the record for you. The other thing I want to get to right away. Did you consent to proceeding? No, I did not. And we had mad conversations with the parties about an appeal to the Article III judge. But the city took two weeks to this court first and appealed to this court. So we are not party to any agreement to permit the Article III judge not to review the rulings of the magistrate judge. And I want to point out as well. What's your position on jurisdiction? Well, we've come this far. I would prefer this court would rule. But I understand. This is not a matter of consent, is it? No, it's not a matter of consent. I mean, it's either there or it's not. I agree. But I think the question is whether an intervener has to consent. And I don't have an answer to that. I want to point out the government. You could have started an independent action, I take it. We could have. Yeah. You could have appealed this to the district court. We didn't need to because we prevailed. We had no reason to appeal any of the orders. We were satisfied with each of the orders. We did take a motion for reconsideration early on. And if I might, I brought a chart because I think it's important. Does your opponent have a copy of this? Yes, they do. And we've also provided the court a copy with this. I just want to point out the only order. Did you disclose it to the city and the United States before today? No, it was this morning. And I've talked to them about it. I don't believe they have any objection. They didn't express any. If they do, I won't use it. It's simply a chart of the orders and a chronology. The only order. The better practice was to do it in advance. Thank you, Your Honor. The only order that we asked to be reconsidered was the master's first order. Excuse me one last time. If you want Judge McKeon to see that chart, you may want to turn it not too much. I'm going to look at this little chart. I need a telescope to read that one. I understand. I understand. The only order that we were concerned about and appealed, and it wasn't really an appeal, it was a motion for reconsideration, was the master's report of February 6th. That's the second from the top. And the court granted our motion. All the subsequent appeals, including the wits, were taken by the city or the government. The government had two orders, but the primary one was the June 9th order. It also asked for reconsideration. The city wrote down two tracks. One is the master's amended R&R, and the second is the other master's R&R, September 15th. The totality of all of those appeals and motions for reconsideration is found essentially in this order, the January 22nd order. It was the magistrate judge, carestakingly, reviewed every single document at issue, and in several charts, which is in the record, indicated a good cause determination or the compelling reasons determination, and indicated for each document why there was or was not good cause, why there was or was not compelling reasons to seal. For the government, the city and the government to argue, the judge did not engage in what she called by exhausting, if not exhaustive review, belies the effort the magistrate judge put in. False was filed up to the T. Document by document, test by test. And the judge, in her ruling of October 29th, advised the city and the government that she was going to review the document by the hour of that standard. Did the magistrate judge make any distinction between documents relating to substantive matters versus just procedural or discovery that were not relied upon for their authenticity or otherwise to control the case? Yes, sir. She followed the false analysis of dispositive motions and non-dispositive. She applied a good faith, good cause. And reviewed every document in both groups? Every one. In both groups? In both groups. And aggregated by groups? Yes, sir. She listed all the non-dispositive exhibits and all the non-dispositive motions and their good cause analysis. On the dispositive motions and the dispositive exhibits, she did a comparison analysis. Seven in a row. In this order, she called, the October 29th, she called the city and the government, false has been an intervening case since I first called on a good cause. You now have the opportunity, I'm paraphrasing, of real civil argument under a concurrent result standard. So there were a lot before this order that the judge was going to adopt this court's ruling in false and real right-handed documents. Now, as to the government's argument that they were saying that, you just need to look at the letters from the assistant U.S. attorney to the court. And the judge said, we don't know what the other dispositive's position is, but we've been waiting for you to make it over to them. Excuse me. So, judge, please let me write out a letter. With that sound back, we're out of the law obligation to respond to the court. After court, do the court the last of the U.S. attorney to the magistrate judge. It may be that that is because it does not have objections, but it appears to have no real objections, and it's a clear line for design with the city attorney on a larger U.S. adoptive action. That's in the record of 61. They chose not to submit additional information to the court. However, despite being called on October 29th, you're going to have to show compelling reasons. As far as the documents that are traditionally withheld, according to this court, all trade secrets fall into that category of course. And the magistrate judge went through a painstaking evaluation of the law enforcement privilege, line by line. This is a magistrate judge who didn't just order a document to be produced or not to be produced. She went line by line. She isolated a line from a sentence to be withheld. What more could this review in court ask the magistrate judge to do? Let me ask you about the confidential informants and ongoing investigations. In her order with respect to the United States, she says that some of this material relates to confidential informants and criminal investigations, and then goes on to say these are years old and largely resulted in criminal indictments over three years ago. And then she names two specific individuals. But those materials contain information beyond the two specific individuals. Is that correct? Yes. So where would we look to see what the rationale is for disclosing the remaining law enforcement investigative records? Good question, Judge McKeown. I think you have to look at this order. And do I look at which box of which agency chart? Let me just finish this comment. For your comment on the government, the federal government, you have to look at the January 28th order, which lists in great detail why the objection of the government allows this to law enforcement and why the government doesn't think they have no best document secret. By the way, that order has access to discovery. No, but I'm reading from that order. I understand. I'm reading from that precise order. And my question is, and maybe I wasn't clear, she says, well, there is stuff in there about investigations. And two of them relate to these individuals who were part of a press release and possibly an indictment or pre-indictment. So my question is, though, what about the rest of the stuff? Well, I am not privileged to say. I understand. Much of the documents are available to you in the magistrate court, so I cannot respond, except to say that we will stand, Judge, on the magistrate judge's rationale. To the extent this court were to find us unsupported, we can certainly understand that. We think clearly under the standard of discretion, we don't think the court could have asked for a magistrate judge based upon our comments. But I have to be honest with the rest of the court that we have to rely on her painstaking analysis in the January 22nd order and her broader analysis of the January 21st order. She found that except a few items and one or two of them related to investigations, the attorney stand before her, which was unilaterally presented by her parents, who were here right on the bed. That's very important. It's not as if they had no idea that these particular documents did not fall out of her privilege. She had only known one side and said that to her, but to appear at the exhausting review that very few of her objections had merit. And I want to describe it to this because I don't want to limit it to this, but we have agreed, my client agreed from the beginning, that it did not seek access to nor was it analyzed by either one, the abilities of undercover police officers or information that was so overrated to an ongoing, underground investigation. Whenever one of them went, had that agreement been accepted, or particularly the head, they refused. But in the beginning, they attempted to seal everything in a blanket protective order. And right from the very beginning, appointed by the court, we also haven't talked about that, I assume your position hasn't changed actually on that specific point, that you didn't continue to seek information. No, I didn't. We're not seeking it. We're not going to try to argue about it, as was the master. Information that was clearly in the public interest to be protected, and what we contained was clearly within the public interest, were the names of undercover informants and all their active, otherwise secret investigations. What the magistrate judge found, and this is important, was that the government, both governments, for attempting to close access to documents filed in court, to disclose information to the majority, but elect documents as well, was to protect individual from embarrassment. That was what she found. She acknowledged certain privileges. She recognized those privileges. She denied all of those privileges in her order, and she stated either good cause found, for which we did not appeal, we don't have a cross appeal, good cause not found, related to non-dispositive motions, or compelling reasons found, or compelling reasons not. So, in summary, this court, in fact, has cross-examined cases, has given a lab map to all three judges and magistrate judges. It starts with the importance of access to our courts. Particularly the cases now that allege government and police misconduct. That's what this case is about. And to prevent the police department, the city, and the federal government from denying access to the citizens about these allegations, to evaluate the validity, when they have been filed in court, their documents specifically related to the civil. You say validate the validity of the documents. This case never went to trial. It did not. It had dispositive motions, Judge. That's true. So, you've really got two classes of material. Yes, we have that. But I want about eight seconds. After the dispositive motions, this court has said that these parties seeking to seal the documents must demonstrate a compelling reason. As to non-dispositive motions, they still have the burden to show good cause, and that is the test that the judge attached to the documents associated with non-dispositive motions. So, either this court's progeny or this magistrate judge's careful line-by-line review of every document, we urge the court to affirm both of the appeal orders. Thank you so much for the time. Thank you for your argument. We'll give you about a minute for rebuttal. Counsel? Thank you, General Matayoshi, again. Very quickly, three things. One, as far as the magistrate judge is concerned in her rulings, using this chart that the advertiser had, we, the city, have been producing. We did not withhold. We actually followed all the hoops. And for all of this, the overwhelming majority of all of these rulings, we went through this painstaking redaction process, process of submitting good cause showings. We submitted affidavits from three police officers to support opposition that confidential and important information, police information, was going to be disclosed. And then in the last order that the court, the lower court, issued in January 22 of 04, the magistrate judge threw out basically all of her earlier findings, all of that earlier work, and said, under folks now, under that new compelling standards, compelling issues standard, suddenly, city, you don't meet that. She didn't give any reasons. Yes, she did have her big chart, and it said no compelling reasons, no compelling reasons, but there was never any reasoning of how she could reach that. She actually found good cause all the way throughout, and then suddenly just said, sorry. And it's our position, the city, that that was an abuse of her discretion. Did you ever appeal that order to the district court? No, we didn't. And that's a jurisdictional issue. And what happened, judges, we had before that order, we, the city and the other parties, had consented to a magistrate trial. So the original Article III judge who had ruled on the summary judgment was no longer, was divested of jurisdiction. We had agreed. And then we were stuck with a magistrate basically. Well, it's hard to say you were stuck if you agree. Yeah. We ended up with that report. What we ended up with was a magistrate judge ruling on discovery. And basically, it was essentially you essentially had a final judgment for all this started. On the summary judgment, you had a final judgment. Right. We had the summary judgment was denied. So we ended up in the case. We ended up settling and dismissing. Yes. Okay. So the dismissal was a final final order. That's right. Okay. If I could. Sure. Are you done with the church? Yes. Okay. Okay. As to the issue of whether or not investigations are ongoing, the magistrate judge actually addressed that. And she recognized that the privilege continues after the privacy interests, excuse me, continue after the investigations are over. As far as individuals' privacy rights, you know, the fact that there's an investigation and someone's mentioned as a possible criminal or a possible organized crime member, the fact that the investigation is closed, that person's interest, that privacy interest still continues. And finally, what we ask is that this court basically reverse and vacate the magistrate's last orders, the ones that we have appealed from, remand this with instructions that she follow folks and go back and redact from the record Is there any chance this case could get resolved by settlement? Well, I'm not sure. I think it's possible. Have you tried? I have. Just preliminary, just spoke with counsel. Pre this argument. Well, we'll take this case for decision and due order decided. But if you would like, the Ninth Circuit has a very fine mediation office. They're people unconnected to the continuing practice of law. They work out of the court and they do a marvelous job in resolving cases. If the parties would like to take advantage of that, it's your decision to make. But they do a terrific job. Thank both counsel, all the counsel for their arguments. Well presented. This particular panel is going to take about a ten minute recess. The case will be submitted for decision.
judges: Beezer, Hawkins, McKeown